IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) CLYDE ALLEN RIFE, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) Case No. 14-CV-372-SPS ) |
| (1) SHELTER INSURANCE COMPANIES, A Foreign Corporation, | ) ATTORNY LIEN CLAIMED ) ) JURY TRIAL DEMANDED ) |
|     Defendant. | ) ) |

## COMPLAINT

**COMES NOW** the Plaintiff, Clyde Allen Rife, and for his cause of action against the Defendant, states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a resident of the State of Oklahoma and resides in McCurtain County, Oklahoma, in this judicial district.

2. Defendant Shelter Insurance Companies ("Shelter"), is a foreign corporation doing business in Oklahoma with substantial ties to this judicial district.

3. The accident and injury that gave rise to this litigation occurred in McCurtain County, Oklahoma, within this judicial district.

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds $75,000.00 and is between citizens of different States.

5. Venue is appropriate in the Eastern District under 28 U.S.C. § 1391 (b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## STATEMENT OF FACTS

6. Paragraphs 1-5 are incorporated herein by reference.

7. On or around May 14, 2013 Plaintiff was injured in a motor vehicle accident due to the negligence of an unknown third party. The accident involved a blue truck which pulled in front of Plaintiff while he was heading north on Highway 259 in McCurtain County, Oklahoma.

8. At the time of the accident, the vehicle Plaintiff was operating was covered by an insurance policy written by Defendant Shelter. Said policy included coverage for uninsured motorist ("UM") benefits.

9. On June 5, 2013 Plaintiff advised Defendant Shelter of his intent to pursue a claim for UM benefits under the applicable policy.

10. Plaintiff relied on Defendant Shelter to properly handle the claim and make payment pursuant to the coverage afforded under the insurance policy. Plaintiff has made due demand on the Defendant for payment of the policy benefits and otherwise met all of the conditions precedent for payment under the insurance policy.

11. Notwithstanding the foregoing, representatives of Shelter advised Plaintiff on July 23, 2013 of their refusal to consider Plaintiff's UM claim.

## CAUSES OF ACTION

### COUNT I. BREACH OF CONTRACT

12. Paragraphs 1-11 are incorporated herein by reference.

13. Plaintiff, through operation of Oklahoma law, had a policy of uninsured/underinsurance motorist coverage with Defendants on the vehicle driven by him.

14. That the identity of the third party who negligently caused the accident is unknown, and thus, Plaintiff cannot rely upon the third party tortfeasor's liability insurance to compensate him for his injuries.

15. That pursuant to the terms of the policy of insurance with Defendant Shelter this is a factual situation wherein the uninsured/underinsured motorist coverage, contained in said policy with Defendant Shelter applies to the accident involving Plaintiff.

16. Plaintiff has requested that Defendant tender payment of the benefits under said policy.

17. The Defendant breached its contract of insurance and has wholly refused or neglected to pay Plaintiff the value of his damages. Said failure constitutes a breach of contract of said insurance policy, and the Plaintiff is entitled to a judgment against Defendant for the personal injuries sustained while covered by such contract, together with attorney's fees and costs.

**COUNT II. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (BAD FAITH)**

18. Paragraphs 1-17 are incorporated herein by reference.

19. Plaintiff, through operation of law, had a policy of uninsured/underinsured motorist coverage with Defendant Shelter on the vehicle driven by him.

20. Plaintiff has requested Defendant Shelter tender any and all applicable policies of uninsured/underinsured motorist coverage.

21. On July 23, 2013, Defendant Shelter advised that it would not consider Plaintiff's uninsured/underinsured motorist claim. In its handling of Plaintiff's claim for benefits under the insurance policy, and as a matter of routine practice in handling similar claims, Defendant Shelter breached its duty to deal fairly and in good faith towards Plaintiff and others in the following respects:

   a. Failing to pay Plaintiff the insurance benefits that he was entitled to under the policy at the time when Defendant knew the Plaintiff was entitled to those benefits;

   b. Withholding payment of benefits to the Plaintiff knowing that Plaintiff's claim for those benefits was valid;

   c. Refusing to honor Plaintiff's claim without a legitimate, arguable reason and wholly lacking any evidence or support for its refusal;

   d. Unreasonably delaying payment of benefits and denying Plaintiff's claim for benefits without reasonable basis;

   e. Refusing to pay Plaintiff's claim for reasons contrary to the express provisions of the law;

   f. Intentionally and recklessly misapplying the provisions of the insurance policy;

   g. Using its unequal wealth and bargaining position to overwhelm and take advantage of the Plaintiff and to effect an economic gain for the

      Defendant by not paying an amount that it owed by virtue of the insurance contract;

   h. Failing to properly investigate the Plaintiff's claims for benefits;

   i. Failing to properly evaluate the investigation that was done on Plaintiff's claim for benefits;

   j. Failing to adopt and implement reasonable standards for the prompt investigation and handling of claims arising under the policies including the claims of the Plaintiff; and

   k. Failing to attempt to act in good faith to effectuate a prompt, fair settlement for the Plaintiff's claims.

22. As a direct result of Defendants breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered the loss of the insurance policy benefits, mental and emotional distress, anxiety, embarrassment, medical expenses and financial hardship.

23. Plaintiff has retained an attorney to prosecute this action and is thus entitled to reasonable attorney fees as well as the costs expended in pursuit of this litigation.

24. Defendants have acted intentionally, maliciously and in reckless disregard for the rights of the Plaintiff. As a result, the Plaintiff is entitled to recover punitive damages against the Defendant for these actions.

WHEREFORE, Plaintiff prays this Court enter judgment against the Defendant, and grant him the relief sought including, but not limited to, actual damages and punitive damages in excess of seventy-five thousand dollars ($75,000.00), costs, pre-judgment interest, attorney's fees, post-judgment interest and all other relief deemed appropriate by this Court.

Respectfully submitted,

SMOLEN, SMOLEN & ROYTMAN, PLLC

_____
Donald E. Smolen, II, OBA # 19944
701 S. Cincinnati Ave.
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 – fax
*Attorney for Plaintiff*